1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                        FOR THE DISTRICT OF ARIZONA

10

11   Sam Trevino,                          )   No. CV-10-393-TUC-FRZ (CRP)
                                           )
12               Petitioner,               )   **REPORT & RECOMMENDATION**
                                           )
13   vs.                                   )
                                           )
14   Craig Apker,                          )
                                           )
15               Respondent.               )
                                           )
16   _____      )

17
18           Petitioner Sam Trevino, while confined in the Federal Prison Camp in Tucson, Arizona,

19   on June 28, 2010 filed this Petition for Writ of Habeas Corpus pursuant to 28 U. S.C. § 2241

20   ("Habeas Petition").[1]   Trevino alleges the Bureau of Prisons ("BOP") failed to timely provide

     him with Residential Re-Entry Center ("RRC") placement consideration as required by 18
21
     U.S.C.  § 3624(c).   (Doc. 1, p. 1).   As his remedy, Trevino seeks an order that BOP
22
     "IMMEDIATELY assure timely consideration pursuant to 18 U.S.C. § 3624(c) AND
23
     IMMEDIATELY secure Petitioner's RRC Placement DATE with any and all required
24
     paperwork to be completed accurately and timely."  (Doc. 1, p. 6) (emphasis in original).  The
25

26   _____

27           [1] 28 U.S.C. § 2241 is the federal habeas corpus statute that permits a prisoner to challenge his
     imprisonment on the ground that he is in custody in violation of the Constitution or laws or treaties of
28   the United States. *See generally Peyton v. Rowe*, 391 U.S. 54 (1968).

1  Government alleges Petitioner failed to exhaust his administrative remedies and the Habeas

2  Petition is moot because Trevino was transferred to Rubidoux Re-entry CCC on August 30,

3  2010. (Doc. 8, p. 2). Petitioner did not file a reply to the Government's response and the time

4  for filing a reply has expired.

5  **Background**

6  Trevino is serving a 12 month and 1 day sentence, followed by 3 years of supervised

7  release, after being convicted of racketeer influenced and corrupt organization in violation of

8  18 U.S.C. § 1962. (Doc. 8-1, p. 1; Doc. 8-3, p. 1).[2] He is projected to be released from prison

9  via good time conduct on November 25, 2010. (Doc. 8-1, p. 1; Doc. 8-3, p. 2).

10  Trevino argues in his Habeas Petition that prison employees were not completing the

11  paperwork necessary for the BOP to consider his placement in an RCC. (Doc. 1, p. 7). In its

12  Motion to Dismiss the Habeas Petition as Moot, the Government shows on August 30, 2010,

13  the BOP transferred Trevino to Rubidoux Re-entry CCC. (Doc. 8-1, p. 2; Doc. 8-2, p. 1).

14  In his Habeas Petition, Trevino admits that he did not exhaust his administrative

15  remedies but argues exhaustion would be futile. (Doc. 1, pp. 8-13). In its Motion to Dismiss

16  the Habeas Petition, the Government argues Trevino should have exhausted his administrative

17  remedies before bringing his claim to federal court. (Doc. 8, pp. 3-4). The Government further

18  argues that Trevino's Habeas Petition is moot because this Court can no longer provide him

19  with the relief sought - his release to an RCC. (Doc. 8, pp. 3-4).

20  **Exhaustion**

21  Before filing a petition for writ of habeas corpus, a federal prisoner challenging any

22  circumstance of imprisonment is required to first exhaust all administrative remedies.

23  *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir.1986). The exhaustion prerequisite for

24  filing a § 2241 petition, however, is judicially created; it is not a statutory requirement.

25  *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir.1990), *overruled on other grounds*, *Reno v.*

26

27  ───────────────

28  [2] This Report and Recommendation cites to the page numbers of documents as paginated on the Court's electronic case management system (CM/ECF).

1   *Koray*, 515 U.S. 50, 54–55 (1995).  Thus, "[b]ecause exhaustion is not required by statute, it

2   is not jurisdictional."  *Brown*, 895 F.2d at 535.  If a petitioner has not properly exhausted his

3   claims, the district court, in its discretion, may either "excuse the faulty exhaustion and

4   reach the merits, or require the petitioner to exhaust his administrative remedies before

5   proceeding in court."  *Id.*;  *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992) ("Where

6   Congress specifically mandates, exhaustion is required. . . . But where Congress has not

7   clearly required exhaustion, sound judicial discretion governs." (internal citations omitted)),

8   *superceded on other grounds*, 42 U.S.C. § 1997(e).

9        In the case before this Court, Trevino admits he did not exhaust his administrative

10  remedies.  He argues, however, requiring that he exhaust his administrative remedies prior to

11  bringing his Habeas Petition would be futile and cause irreparable harm given the limited

12  time available for consideration of his RRC placement.  (Doc. 1, p. 8).  Trevino is scheduled

13  for release from incarceration on November 25, 2010 via good conduct time.  As of June 28,

14  2010 when Trevino filed his Habeas Petition, he alleges prison officials had not yet

15  completed the paperwork necessary for the BOP to consider his transfer to an RRC.  The

16  Government argues Trevino should be required to exhaust his administrative remedies

17  because the BOP was not given the opportunity to resolve Trevino's complaint.  (Doc. 8, p.

18  3).  Because exhaustion is not jurisdictional and it appears the BOP has resolved Trevino's

19  complaint, the Magistrate Judge recommends the District Court excuse Trevino's failure to

20  exhaust and address whether his claim is moot.

21                                       **Mootness**

22       Under Article III of the United States Constitution, the jurisdiction of federal courts is

23  limited to "cases" or "controversies."  U.S.Const. Art. III, § 2, cl. 1.  A federal court may not

24  review a moot claim, because "the exercise of federal judicial power is conditioned on the

25  existence of an [Article III] case or controversy."  *Liner v. Jafco, Inc.*, 375 U.S. 301, 306 n.

26  3 (1964), *Wilson v. Terhune*, 319 F.3d 477, 479 (9th Cir.2003) (*quoting Spencer v. Kemna*,

27  523 U.S. 1, 7 (1998)).  Mootness is a jurisdictional issue, and "federal courts have no

28  jurisdiction to hear a case that is moot, that is, where no actual or live controversy exists."

1  *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir.2003) (*quoting Cook Inlet Treaty Tribes v.*

2  *Shalala*, 166 F.3d 986, 989 (9th Cir.1999) (internal quotation marks omitted)).  If there is no

3  longer any possibility that relief can be obtained for a claim, that claim is moot and must be

4  dismissed for lack of jurisdiction.  *See Foster*, 347 F.3d at 745.

5  "[T]he function of the writ [of habeas corpus] is to secure immediate release from

6  illegal physical custody," and that is the only relief a court has the power to grant.  *Picrin-*

7  *Peron v. Rison*, 930 F.2d 773, 775 (9th Cir.1991).  Thus, when a habeas petitioner is

8  released from the confinement of which he complains, the complaint must be dismissed as

9  moot because the court can no longer provide the requested relief.  *Id.* at 776 (dismissing §

10  2241 petition because petitioner was granted immigration parole and released from custody);

11  *Munoz v. Rowland*, 104 F.3d 1096, 1097-98  (9th Cir.1997) (finding § 2241 petition

12  challenging conditions of confinement moot because petitioner was paroled, thus, relief

13  sought was unavailable).

14  Trevino's requested relief is immediate consideration of a transfer to an RRC facility.

15  Subsequent to filing his Habeas Petition, Trevino was granted an RRC placement and

16  transferred on August 30, 2010 to Rubidoux Re-entry CCC.  Because Trevino was

17  transferred to the RRC, this Court can no longer provide him with the relief sought in his

18  Habeas Petition.  Even if this Court reviewed Trevino's arguments and found in his favor, it

19  would be unable to afford him any effective relief as a result of his transfer to the RRC.

20  Additionally, because no reasonable expectation exists that Trevino will again be subjected

21  to this same set of circumstances, "this is not a situation 'capable of repetition, yet evading

22  review' to which the doctrine of mootness may not apply." *Reimers v. Oregon*, 863 F.2d

23  630, 632 (9th Cir.1988) (*quoting Cox v. McCarthy*, 829 F.2d 800, 803 (9th Cir.1987)).

24  Therefore, the Court finds that the claim is moot and must be dismissed for lack of

25  jurisdiction.  *Foster*, 347 F.3d at 745.

26  **<u>Recommendation</u>**

27  Based on the foregoing, the Magistrate Judge recommends that the District Court

28  DENY AS MOOT the Petition for Writ of Habeas Corpus.  (Doc. 1).

1     Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file

2 written objections within fourteen days of being served with a copy of the Report and

3 Recommendation.  If objections are not timely filed, they may be deemed waived. If

4 objections are filed, the parties should use the following case number: **CV 10-393-TUC-**

5 **FRZ.**

6     The Clerk of the Court shall mail a copy of this Report and Recommendation to Sam

7 Trevino # 55407-112 at Rubidoux Re-entry CCC; 3263 Rubidoux Blvd; Rubidoux, CA

8 92509.

9     DATED this 3rd day of November, 2010.

**CHARLES R. PYLE**
**UNITED STATES MAGISTRATE JUDGE**

- 5 -